BURNHAM *v.* MICHIGAN MUTUAL LIFE-INSURANCE CO.

LIFE INSURANCE—PREMIUMS—NOTE—NONPAYMENT—EFFECT.

An application for a life-insurance policy provided that if a premium be settled by note such note should be regarded only as an extension of time of payment and that the company should not be liable for a loss occurring while such note remained due and unpaid. A premium note, past due and unpaid at the time of assured's death, contained the words, "Send to office for collection," the word "office" being written in the blank, and plaintiff claimed that the note not having been sent to assured's office for collection, the company was in default and the policy in force. *Held,* that if the quoted words could be regarded as a part of the note, rather than as a mere memorandum for the company's benefit, there was nothing to show that the "office" referred to was the office of assured rather than that of the company, and that the company was not liable.

Error to Wayne; Frazer, J. Submitted June 4, 1907. (Docket No. 22.) Decided July 1, 1907.

Assumpsit by Lillian J. Burnham against the Michigan Mutual Life-Insurance Company on a policy of insurance. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Charles Flowers,* for appellant.

*Wilkinson, Post & Oxtoby,* for appellee.

CARPENTER, J. This suit is brought to recover upon a policy issued by defendant insuring the life of plaintiff's husband, George W. Burnham. The policy was dated August 22, 1902. The insured died November 17, 1902. For the premium, which was not paid in cash, the insured gave a note, of which the following is a copy:

"$74.75.          DETROIT, MICH. August 28th, *1902.*

" November 10th, 1902, *I promise to pay to the order
of the Michigan Mutual Life Insurance Company,*
seventy four and $\frac{75}{100}$ *dollars. Value received.*

" *Due* November 10, 1902.

" *Send to* office *for collection.*

[Signed] " GEO. W. BURNHAM, 1034—14th Ave."

This note was made by filling out a printed blank.
The words in italics show what the blank was before it
was filled out. The note was past due and unpaid when
the insured died. The application contained this clause:

" If the first or any subsequent premium on the policy
shall be settled wholly or in part by note or other obliga-
tion, * * * such settlement shall not be deemed a
payment, but only an extension of time for the payment
of such premium, and, if such note or other obligation or
any renewal thereof shall not be fully paid when due,
then for any loss incurred while such note or obligation
remains due or unpaid the company shall not be liable."

The trial court held that under these circumstances
there could be no recovery, and directed a verdict in
defendant's favor.

Plaintiff's counsel concedes that this ruling would be
correct were it not for the writing on said note: " Send
to office for collection." He contends that this writing is
a part of the note; that it obligated defendant to send the
note to the office of the Detroit Journal, where the insured
was employed; and that, because this was not done, de-
fendant itself was in default, and therefore plaintiff was
entitled to recover. The learned circuit judge decided
that the writing under consideration was not a part of
the note, but, like the writing just above, " Due Novem-
ber 10th, 1902," was a mere memorandum for the con-
venience of defendant itself. It is unnecessary to deter-
mine the correctness of this conclusion; for, if the mem-
orandum in question is a part of the note, as plaintiff's
counsel contends, there is no competent testimony in this
case from which the jury could infer that the office re-
ferred to was that of the Detroit Journal. On the con-

trary, the only permissible inference is that it was the office of defendant. The trial court, therefore, properly directed a verdict in defendant's favor.

The judgment is affirmed.

Grant, Blair, Montgomery, and Ostrander, JJ., concurred.